WILLIAMS, Judge.
This is an appeal by Prytania Medical Complex Owners Association [“Prytania”] from a decision by the trial court refusing to enjoin defendants Dr. Charles C. Mary and Mrs. Lynn B. Mary from selling a condominium to Lifemark Hospitals of Louisiana, Inc. [“Lifemark”].
Defendants owned a condominium in the Prytania Medical Complex. They wished to sell the property to Lifemark. According to the Declaration of Condominium Ownership, Prytania had a right of first refusal if defendants were to sell their condominium. Defendants were required to give notice to plaintiff, who then had thirty days to decide whether to exercise its option. If Pry-tania chose to do so, it had to purchase the condominium under the same terms as the offer received by the owner.
Defendants received an offer of one million dollars cash from Lifemark. It informed the Board Association of the offer and terms. Plaintiff was granted a temporary restraining order and requested a preliminary and permanent injunction prohibiting the sale. Prytania attempted to obtain all correspondence and documentation between Lifemark and defendants relative to negotiations about their agreement to sell. Prytania also attempted to subpoena from Dr. Mary any documents about possible collateral agreements that he might have entered into with Lifemark. Defendants filed for protective orders. They claimed that the documents sought were irrelevant and immaterial.
At the hearing on the injunction, testimony from Dr. Mary indicated that the purchase price, one million dollars cash at the act of sale, was for the “four walls” of the condominium and did not include equipment or furnishings. He also testified that he had been negotiating with another corporation interested in the condominium. At the conclusion of the hearing, the trial court dissolved the temporary restraining *568 order and denied plaintiff’s request for in-junctive relief.
It is from this ruling that plaintiff was granted an expedited appeal.
Article 2046 of the Louisiana Civil Code states that “[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” At issue is the interpretation of Paragraph 18 of the Declaration of Condominium Ownership, which provides in part:
If any Unit Owner, other than the De-clarant, shall desire at any time to sell or lease his Unit Ownership, other than to a co-owner of the same Unit, he shall first give the Board at least thirty (30) days’ prior written notice of the proposed sale or lease, which notice shall state the name and address and financial and character references of the proposed purchaser or lessee and the terms of the proposed sale or lease. During the period of thirty (30) days following the receipt by the Board of such written notice, the Board shall have the first right at its option to purchase or lease such Unit Ownership upon the same terms as the proposed sale or lease described in such notice.
The clear meaning of this provision is that notice to Prytania shall include only the name, address, financial and character references of the proposed purchaser and the terms of the sale. Defendants complied with these requirements. (A financial statement of Lifemark was sent to plaintiff). There are no other requirements set forth. Furthermore, the evidence at the hearing supported the conclusion that the purchase price was for the condominium alone. Although there was testimony that the actual value of the condominium was lower than one million dollars, we cannot conclude that the purchase price was unconscionably high. In fact, Dr. Mary testified that he had been asking one million for the property and entered into negotiations with other parties who had offered $850,-000.00.
For these reasons, we affirm the ruling of the trial court. All costs to be borne by appellants.
AFFIRMED.